IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02566-LTB-RTG

TLORLYN MERIE GARCIA,

    Plaintiff,

v.

JOHN DOE,
JANE DOE,
ARAPHAHOE COUNTY DETENTION CENTER, and
PAULA BENSON,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

    This matter comes before the Court on the amended Prisoner Complaint filed *pro se* by Plaintiff Tlorlyn Merie Garcia. (ECF No. 9). Because Ms. Garcia proceeds *pro se*, the Court liberally construes her filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred to this Court for recommendation. (ECF No. 11).

    The Court has reviewed the filings to date, considered the entire case file, analyzed the applicable law, and is advised in the premises. For the following reasons, it is respectfully recommended that the amended Prisoner Complaint and this action be dismissed without prejudice.

**I.     BACKGROUND**

Ms. Garcia is currently a convicted and sentenced state prisoner incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. However, she brings this action under 42 U.S.C. § 1983 based on her time as a pretrial detainee at the Arapahoe County Detention Center. (ECF No. 9). She sues the following defendants:

- Investigator Paula Benson in an individual and official capacity;
- John Doe and Jane Doe in an individual and official capacity; and
- Arapahoe County Detention Center.

(*Id.* at 1, 2, 6). Ms. Garcia's complaint concerns serious allegations that, in November of 2022, she was raped by another inmate while she was asleep. (*Id.* at 5). Following the assault, Ms. Garcia reported the incident to investigator Paula Benson and Deputy Ross. (*Id.*). Ms. Garcia asserts that "[t]hey failed to protect [her]" and that, despite the report, she was "never contacted again by investigations[.]" (*Id.*). Ms. Garcia concludes by asserting the following: "Put John Doe & Jane Doe Staff at Arapahoe County Jail by failing to keep me separated from a sexual known predator and by them failing to investigate fully they violated my 8th Amendment of the United States Constitution." (*Id.* at 7). As relief, Ms. Garcia seeks damages. (*Id.* at 3).

The Court will now discuss why the complaint and this action should be dismissed without prejudice.

**II.    DISCUSSION**

Complaints must contain a short and plain statement of the facts explaining why

a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Plaintiffs must allege in a clear, concise, and organized manner what each defendant did to them, when the defendant did it, how the defendant's action harmed them, what specific legal right they believe the defendant violated, and what specific relief is requested as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Vague and conclusory allegations that a plaintiff's rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court

construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). And the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Neither the Court nor defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims. *Id.*

Ms. Garcia's complaint doesn't include a short and plain statement of her claims showing an entitlement to relief. Ms. Garcia fails to allege in a clear, concise, and organized manner what each defendant did to her, when the defendant did it, how each defendant's action (or inaction) harmed her, and how each defendant violated her federal rights. See *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (holding that active-voice yet undifferentiated allegations that "the defendants" infringed a plaintiff's rights are insufficient to plead personal participation).

Because Ms. Garcia's claim arose when she was a pretrial detainee, the Due

Process Clause of the Fourteenth Amendment governs. *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (cleaned up). The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To state an arguable Eighth Amendment claim, Ms. Garcia must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quotation omitted). Thus, "prison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. This is so because "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834.

An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must have a "sufficiently culpable state of mind." *Id*. Under the subjective prong of an Eighth Amendment claim, "a prison official may be held liable . . . only if he [or she] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. It is not enough to establish that the official should

have known of the risk of harm, since an official's "failure to alleviate a significant risk that he should have perceived but did not" is not the infliction of punishment. *Id.* at 838. Mere negligence does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (noting that deliberate indifference requires a higher degree of fault than negligence or even gross negligence).

At a high level of generality, Ms. Garcia alleges that she was not kept safe from being sexually assaulted by another inmate while at the Arapahoe County Detention Center. But the complaint doesn't include factual allegations to show how one or more of the named defendants knew that Ms. Garcia faced a substantial risk of sexual assault and disregarded that risk. Similarly, the complaint alleges that Paula Benson and Deputy Ross failed to investigate the incident after it was reported to them. But these defendants' alleged after-the-fact failure to investigate, by itself, without any connection to the violation of a constitutional right, does not establish personal participation in the violation of Ms. Garcia's constitutional rights that is necessary to maintain a § 1983 action. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009) (unpublished) (explaining that the denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished) (sending correspondence to high-ranking prison official that outlines a complaint, without more, does not sufficiently implicate the official under §

6

1983). Thus, these allegations fail to show an entitlement to relief as required by Rule 8. Ultimately, Ms. Garcia doesn't allege well-pled facts to show how each defendant personally participated in violating her federal rights.

And the extent to which the defendants are sued in their official capacities, Ms. Garcia fails to allege facts to show she suffered an injury caused by a policy or custom of the jail or Arapahoe County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013). As for the unidentified doe defendants, Ms. Garcia does not provide an adequate description of the individuals involved so that process could eventually be served on them. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). As such, the amended Prisoner Complaint does not meet the pleading standard imposed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (same).

### III.  RECOMMENDATION

For these reasons, it is respectfully recommended that the amended Prisoner Complaint (ECF No. 9) and this action be **dismissed without prejudice**.[1]

DATED January 27, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).